Upon review of the competent evidence of record with respect to the errors assigned, the Full Commission finds good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on or about 7 June 1999.
3. On or about 7 June 1999, defendant was self-insured.
4. Plaintiffs average weekly wage is to be determined by an Industrial Commission Form 22 Statement of Days Worked and Earnings of Injured Employee received following the hearing before the Deputy Commissioner as Stipulated Exhibit #2.
5. Plaintiffs medical records for this claim are admitted into evidence as Stipulated Exhibit #3. The medical records of Brent Ellmers, M.D., were received following the hearing before the Deputy Commissioner and were admitted as part of this exhibit.
6. Commission Form 18 Notice of Accident to Employer, Form 19 Employers Report of Injury to Employee, Form 33 Request that Claim be Assigned for Hearing, Form 33R Response to Request that Claim be Assigned for Hearing and Form 61 Denial of Workers Compensation Claim are admitted into evidence as Stipulated Exhibit #4. Additionally, counsel for plaintiff requested the Deputy Commissioner by letter, dated 16 December 1999, that the Pre-Trial Agreement be amended to reflect an alleged date of injury "on or about 7 June 1999. Plaintiffs Motion was granted with no objection from defendant.
7. The issues to be determined before the Deputy Commissioner were whether plaintiff sustained a compensable hernia on or about 7 June 1999; and if so, what, if any, benefits was he entitled?
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a thirty-six year old male who had been employed as a produce selector in defendants Distribution Center. Plaintiffs duties included selecting items from a list and placing these items on a pallet. These items were bulk and contained in large bags or boxes.
2. On or about 26 May 1999, plaintiff was handling a produce order of thirty bags of potatoes weighing about eighty pounds each. Plaintiff had finished about half of his order, when he felt a sharp pain in his lower stomach or groin as he lifted a bag of potatoes. Plaintiffs left groin area immediately became swollen the size of a grapefruit. Plaintiff reported to his supervisor that he was unable to finish his order. He was off work the next day following the incident, worked that Friday, and then he had two days off.
3. On 1 June 1999, plaintiff reported to the Betsy Johnson Memorial Hospital with complaints of stomach cramps and swelling in the left groin. Plaintiff indicated that he had started caffeine pills because he needed help for work and that he had suffered from pain and stomach cramps for approximately six days, beginning 26 May 1999. Plaintiff did not report to the hospital staff that he had been injured at work. The medical notes do not give a diagnosis but noted a swollen area the size of an orange in plaintiffs left groin area.
4. On 9 June 1999, plaintiff received authorization from defendant to seek medical treatment from George C. Pantelakos, M.D., at Dunn Immediate Care. This authorization listed an injury date of 7 June 1999. Dr. Pantelakos diagnosis was a work related inguinal hernia in the left groin. Plaintiff informed Dr. Pantelakos that he had pain and swelling in his left groin area that was reducible to pressure for approximately two weeks. Plaintiff was excused from work until 16 June 1999 and referred to Joel Horowitz, M.D., for surgery to repair the hernia.
5. Plaintiff was examined once by Dr. Horowitz on 10 June 1999. Dr. Horowitz diagnosed a left inguinal hernia and recommended elective repair, which was performed by another surgeon. Under Dr. Horowitzs care, plaintiff would have had a fifteen pound weight lifting restriction for six weeks after the surgery. Dr. Horowitz testified that plaintiffs lifting incident could have caused his hernia, if plaintiff lifted, felt pain, and then a bulge appeared in his groin area.
6. Plaintiff had never experienced a hernia prior to his employment with defendant and was unfamiliar with the symptoms of a hernia. Despite his confusion about the specific date that the lifting incident occurred, plaintiff described the onset of severe pain and immediate swelling in the left groin area after lifting an eighty pound bag of potatoes. Plaintiff sought medical treatment for his symptoms on 1 June 1999 and reported pain and stomach cramps for approximately six days, beginning on or about 26 May 1999. The Full Commission finds that plaintiffs testimony regarding the specific incident leading to his left inguinal hernia is credible.
7. On 15 January 2000, Brent Ellmers, M.D., performed hernia repair surgery. Plaintiff improved after the surgery and was released by Dr. Ellmers on 24 January 2000 to follow-up as needed.
8. After considering the medical evidence in light of the evidence as a whole, the Full Commission finds that plaintiffs left hernia appeared suddenly on or about 26 May 1999 as the result of a specific traumatic incident of the work assigned.
9. Defendant did not have light work available for plaintiff, and he has not returned to work for defendant since 10 June 1999. Plaintiff was unable to work in any employment from 10 June 1999 through 25 February 2000 due to the pain that he experienced as a result of his left inguinal hernia. The evidence fails to show that plaintiff continued to be disabled after 25 February 2000.
10. According to the stipulated Form 22 Statement of Days Worked and Earnings of Injured Employee, plaintiffs average weekly wages was $266.54, yielding a compensation rate of $177.70.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On or about 26 May 1999, plaintiff sustained a hernia that appeared suddenly and immediately following an injury by accident arising out of and in the course of plaintiffs employment with defendant and as a direct result of a specific traumatic incident of the work assigned. G.S.97-2(18).
2. Plaintiff is entitled to total disability compensation benefits at the rate of $177.70 per week from 10 June 1999 through 25 February 2000. G.S. 97-2(5), 97-29.
3. Plaintiff is entitled to have defendant pay for all medical expenses incurred or to be incurred by plaintiff as a result of his left inguinal hernia for so long as such examinations, evaluations, and treatments are reasonably required to effect a cure, give relief, or tends to lessen plaintiffs period of disability, including the hernia repair surgery performed by Dr. Ellmers. G.S. 97-25; 97-25.1.
4. The issue of permanent partial impairment, if any, is reserved. G.S. 97-31.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay plaintiff total disability compensation benefits at the rate of $177.70 per week from 10 June 1000 through 25 February 2000, subject to the attorneys fee provided in this Award. This amount has accrued and shall be paid in a lump sum.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his left inguinal hernia, for so long as such evaluations, treatments, and examinations are required to effect a cure, give relief, or lessen plaintiffs period of disability, including the hernia repair surgery performed by Dr. Ellmers.
3. A reasonable attorneys fee in the amount of twenty-five percent of the compensation due plaintiff is approved for plaintiffs counsel and shall be paid as follows: twenty-five percent of the accrued amount due plaintiff shall be deducted and paid directly to plaintiffs counsel.
4. Defendant shall pay the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER